ATTORNEY GENERAL, *ex rel.* LINNELL, *v.* GAY.

1. CORPORATIONS — FRANCHISE — TERMINATION — CONSTITUTIONAL LAW.

   A mining corporation, organized in 1853, ceased to exist as a corporation *de jure* at the expiration of 30 years, at which time there was no constitutional method of extending the term of its franchise.

2. SAME—LACHES OF STATE—QUO WARRANTO.

   No right to exercise the corporate franchise could be gained by estoppel or laches on the part of the State officials, since there was no authority under statute or otherwise to revive the corporation.

3. SAME — DE FACTO EXISTENCE — REINCORPORATION — CONSTITUTIONAL LAW.

   An invalid attempt to extend the life of the corporation, made in 1882, was not validated by the constitutional amendment of 1889, and the enactment of Acts Nos. 129 and 142, Pub. Acts 1889, which require specific action to renew corporate life.  Const. of 1850, Art. 15, § 10.

4. QUO WARRANTO — RIGHT TO INSTITUTE — PARTIES — PUBLIC GRIEVANCE.

   A plea to an information in quo warranto, claiming in defense to the writ that no public grievance exists, and the writ is prosecuted for the private benefit of relator, and that he is estopped to assert any defects arising from the expiration of the corporate charter, does not constitute a sufficient defense to the information.

Quo warranto proceedings by John E. Bird, attorney general, on the relation of John W. Linnell, Jr., against Joseph E. Gay and others to determine their right to exercise the franchises and privileges of a corporation: On demurrer to certain pleas filed by defendants.  Submitted June 14, 1910.  (Docket No. 49.)  Demurrer sustained September 27, 1910.

*Miller, Smith, Paddock & Perry,* for relator.

*Robson & George,* for respondents.

HOOKER, J. An information was filed by the attorney general upon the relation of John W. Linnell, Jr., against a number of persons, charging them with exercising the franchises and privileges of a corporation of this State without authority of law. Several defendants united in four pleas, to which the attorney general has demurred. The question before us is, therefore, whether these pleas state a good and valid defense to the charge.

A brief statement of the allegations of these pleas will suffice to show the nature of the case and the questions to be decided. The Evergreen Bluff Mining Company, a valid corporation, was organized in this State in August, 1853, for the purpose of mining copper. It carried on business until the expiration of the constitutional period, when it had a tract of valuable land and perhaps other property. It has never parted with the land unless it be by operation of law. In March, 1883, it undertook to extend its corporate life for a further period of 30 years under the provisions of Act No. 16, Pub. Acts 1882, by a full compliance with the provisions of said act. From that time to this the stockholders have exercised the rights, powers, and privileges, and fulfilled the duties and liabilities of a corporation, all of which has been well known to the attorney general, the people, and the relator. Act No. 16 aforesaid has been amended twice by the legislature, but has been held by this court to have no application to a corporation, which had been organized and exercised corporate powers for the constitutional period of 30 years. *Mason* v. *Perkins*, 73 Mich. 303 (41 N. W. 426). In April, 1889, the electors of the State adopted the following amendment to the Constitution:

"SEC. 10. No corporation except for municipal purposes or for the construction of railroads, plank roads and canals, shall be created for a longer time than thirty years; but the legislature may provide by general laws applicable to any corporations for one or more extensions of the term of such corporations while such term is running not exceeding thirty years for each extension, on the consent of not less than a two-thirds majority of the cap-

ital of the corporation; and by like general laws for the corporate re-organization for a further period not exceeding thirty years, of such corporations whose terms have expired by limitation, on the consent of not less than four-fifths of the capital: *Provided*, That in cases of corporations where there is no capital stock the legislature may provide the manner in which such corporations may be reorganized." Const. art. 15, § 10.

In June, 1889, the legislature enacted such a law as was contemplated by said amendment. Apparently respondents have not since taken the prescribed steps to reorganize under such statute. Act No. 129, Pub. Acts 1889. Meantime said stockholders in the name of and as such corporation have regularly elected officers, filed reports, transferred stock on its books, and sold and conveyed property, and claimed to be a corporation, all of which the attorney general and other State officers and relator knew. The pleas allege, further, that, knowing these things, relator, who was a stockholder of the Mass Consolidated Mining Company, which had for five years tried to purchase the mining lands and property of the Evergreen Company by direct purchase, or by obtaining a controlling interest in its capital stock, in order to accomplish that at such price and on such terms as he should dictate, has purchased 4,958¾ shares of the stock of said corporation, and caused the same to be transferred on the books of the corporation, and on the same day asserted that respondents were not a valid corporation, and, failing to obtain respondent's stock, threatened to institute these proceedings through the attorney general to cause the winding up of the concern and the sale of its property. It was alleged, further, that the former owners of said 4,958¾ shares of said stock remained stockholders and participated in the acts of said corporation until they sold their stock to relator and his associates.

Counsel for respondents contend that the information should be quashed for the following reasons:

(1) The acquiescence, delay, and laches of the State.
(2) There is, in fact, no public grievance and the writ is prosecuted for the private benefit of the relator.

(3) There being no public grievance, relator is estopped from asserting the alleged defects in the mining company's charter.

The pleas in the case show that the defendant corporation existed as such for the full constitutional period of 30 years, and that, while it attempted to continue its life through a reorganization, that was not accomplished because the Constitution forbade. It is obvious that it is not and has not been a corporation *de jure* for many years, although it has gone on conducting its business as a corporation, and claims to be at least a corporation *de facto*. It is certain that the life of this corporation ended when the constitutional period of 30 years expired, and it is no less certain that at that time there was under the Constitution no lawful method of extending its life or reviving it. *Mason* v. *Perkins*, 73 Mich. 303 (41 N. W. 426). It would seem as obvious that, if there was no authority anywhere to do either of these things, the same could not be accomplished through estoppel or laches, for it would be extraordinary if a person or officer could accomplish by recognition an act which he was not authorized or was forbidden to do by express and unqualified direct action. See *Attorney General* v. *Marr*, 55 Mich. 445 (21 N. W. 883).

The contention that the action of the legislature at the session of 1889 after the adoption of the amendment had the effect to validate the action taken in 1882 to extend the corporate life does not appeal to us. Aside from any question of vested legal or equitable rights in the stockholders after the expiration of corporate life and the effect thereof on the validity of legislation attempting to subject interests of nonconsenting stockholders to the action of others, we find intrinsic evidence in these acts indicating an absence of such intention, as they expressly require action of specific kind to accomplish a renewal of corporate life. See Acts Nos. 129 and 142, Pub. Acts 1889. We think it unnecessary to discuss the claim that this is a *de facto* corporation. *Eaton* v. *Walker*, 76 Mich. 579 (43 N. W. 638, 6 L. R. A. 102).

The remaining question requiring notice is the claim that there is no public grievance, and we may add the claim that the action of the relator is inequitable.

We cannot say that there is no public grievance when the stockholders of a corporation continue to act as such after the limitation prescribed by the Constitution has been reached, thereby usurping powers not belonging to them. The attorney general is expressly authorized (not to say required) to file an information upon his own relation, or upon relation of any private party,—

"When any association or number of persons shall act as a corporation within this State without being legally incorporated." 3 Comp. Laws, § 9939, subd. 3.

In a sense there is always a public grievance when corporate powers are being unlawfully exercised, and we are of the opinion that we should not ordinarily question the exercise by the attorney general of the discretion which the law cited confides to him. We do not say that in no case can we refuse judgment of ouster, but it would be a very exceptional case that should lead us to deny such judgment to the State where the infraction of law is clear and undisputed. We do not mean to imply that there is any obligation upon the attorney general under this section to file an information when, in his judgment, there are proper reasons of policy for not doing it, or any obstacle to a refusal to do so when solicited by private persons in the furtherance of their own interests, provided State interests do not require it. See 32 Cyc. pp. 1432, 1433.

There is nothing in these pleas that, if proved, would constitute a valid defense to the information. What judgment should be rendered may depend upon the proofs taken in the case. 32 Cyc. p. 1434. It follows that the demurrers should be sustained. A period of 30 days is allowed to defendants to file other pleadings in the cause.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.